IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IDALIA PACHECO,

        Plaintiff,                No. 2:10-cv-01733 KJN

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.           ORDER

_____/

        The court is in receipt of a stipulation and proposed order providing plaintiff with a second extension of time in which to file a motion for summary judgment.[1]  The undersigned approves the stipulation.

        Although the undersigned approves plaintiff's second request for an extension, the undersigned notes an ever-increasing concern regarding plaintiff's counsel's ability to comply with the court's rules and orders and adequately prosecute cases on behalf of her clients.  This is not the first time the undersigned has expressed such concern regarding plaintiff's counsel, Bess M. Brewer.  (See, e.g., Quintana v. Comm's of Soc. Sec. Admin., 2:09-cv-01056 KJN, Order,

---

[1]  This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.  (Dkt. Nos. 6, 10.)

1    May 25, 2010, Dkt. No. 25.)[2]

2           The court has admonished Ms. Brewer on myriad occasions that she should not

3    file requests for extensions on or after her deadline for filing a motion summary judgment.  Yet

4    she continues this practice in derogation of her obligations under Local Rule 144(d).  In regards

5    to the pending request for an extension of time, Ms. Brewer filed the stipulation and proposed

6    order on October 5, 2011, which is one day *after* the deadline for plaintiff to file a motion for

7    summary judgment—a deadline that was previously extended through a stipulation and order.

8    (See Stip. & Order, Sept. 1, 2011, Dkt. No. 16.)  And Ms. Brewer filed the first request for an

9    extension in this case on the day her client's motion for summary judgment was due.  In the order

10   approving the first extension request, the undersigned stated, in part:

11          The undersigned notes that plaintiff, who is represented by an attorney
     who appears regularly before the undersigned and all too regularly seeks
12          extensions of time based on her "impacted briefing schedule," filed this
     stipulation and proposed order on the day that plaintiff was required to file
13          a motion for summary judgment.  Plaintiff's counsel is again admonished
     that, pursuant to Local Rule 144(d), "[c]ounsel shall seek to obtain a
14          necessary extension from the Court or from other counsel or parties in an
     action as soon as the need for an extension becomes apparent," and that
15          requests for court-approved extensions brought on or after the required

16

       [2] In an order discharging an order to show cause in Quintana, which was entered after a
17   hearing with Ms. Brewer, the undersigned stated:

18          Additionally, the undersigned will not impose a monetary sanction on Ms.
     Brewer despite her egregious failure to meet the deadlines imposed by the
19          court or seek timely extensions of time.  The court understands the time
     burdens of briefing fact-intensive cases of the type at issue here.  Those
20          burdens are heavy.  However, Ms. Brewer, who appears often before the
     undersigned and has demonstrated difficulty with meeting court-imposed
21          deadlines and extensions of those deadlines, should not interpret the
     court's leniency in this instance as indicative of future results.  The
22          undersigned is concerned that Ms. Brewer is using the orders to show
     cause entered by the court as a form of a calendaring system.  To the
23          extent that is true, it is an unwise practice, and it would behoove Ms.
     Brewer to promptly remedy whatever is causing her repeated failures to
24          meet court-imposed deadlines.  At a minimum, she should seek extensions
     of time as soon as the need for such an extension becomes apparent, and
25          before the deadline at issue has expired.  See Local Rule 144(d).

26   (Quintana, 2:09-cv-01056 KJN, Order, May 25, 2010, at 2.)

1    filing date "are looked upon with disfavor."  The undersigned also notes that plaintiff's counsel appears to be falling behind in her cases
2    again—plaintiff's counsel filed four requests for extensions in four separate cases between August 26, 2011, and August 29, 2011.  (See
3    Pacheco v. Astrue, No. 2:10-cv-1733 KJN (E.D. Cal.); Carson v. Astrue, No. 2:11-cv-0632 KJN (E.D. Cal.); Feltis v. Astrue, No. 2:11-cv-0723
4    KJN (E.D. Cal.); Juarez v. Astrue, No. 2:10-cv-0748 KJN (E.D. Cal.).)

5    (Id. at 2 n.1.)

6         Additionally, Ms. Brewer persists in relying on her "impacted briefing schedule"

7    as the basis for the numerous extensions of time that she requests in cases before the

8    undersigned.  The undersigned has repeatedly advised Ms. Brewer that such an excuse is not a

9    sufficient basis for an extension, especially when that excuse is used *ad nauseam*.  And

10   curiously, plaintiff continues to open new cases in this court despite the fact that she is

11   consistently unable to meet the briefing demands of her pending cases.  Although the manner in

12   which Ms. Brewer operates her practice is a matter of her discretion, the wiser course for Ms.

13   Brewer might be to reduce the number of cases she files in this case until such time as she

14   catches up with existing workload.

15        In light of the foregoing, IT IS HEREBY ORDERED that:

16        1.    The parties' stipulation and proposed order (Dkt. No. 17) is approved.

17        2.    Plaintiff shall have until October 12, 2011, to file a motion for summary

18   judgment.  The court's scheduling order is modified accordingly.

19        3.    No further requests for extensions of time sought by plaintiff or her

20   counsel will be considered absent extraordinary circumstances outside the control of counsel.

21        IT IS SO ORDERED.

22   DATED:  October 7, 2011

23

24   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

25

26

3